[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/27/99
THOMAS  K. KAHN
CLERK

_____

No. 97-8592

_____

D. C. Docket No. 1:95-CV-3147-CAM

FORREST KELLY CLAY,
individually and on behalf of
all those similarly situated,

Plaintiff-Appellant,

versus

RIVERWOOD INTERNATIONAL
CORPORATION, THOMAS H. JOHNSON,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 27, 1999)**

ON PETITION FOR REHEARING

Before DUBINA and CARNES, Circuit Judges[*].

_____

[*]This decision is rendered by a quorum, due to the retirement of then-Chief Judge Hatchett on May 14, 1999.  U.S.C. § 46(d).

Upon consideration of the petition for rehearing, the prior opinion issued on October 14, 1998, and published at 157 F.3d 1259, is modified, as follows:

We vacate the introductory paragraph and also Part III A. of our prior opinion in this case, found at 157 F.3d at 1259, 1261, 1263- 68, and adopt in their place the concurring opinion of Judge Carnes, which is found in 157 F.3d at 1269-71.

We also vacate Part IV of our prior opinion and substitute in its place this paragraph: As to the insider trading issue involving Clay's stock appreciation rights, we do not decide whether those rights are securities or otherwise trigger the "disclose or abstain" rule of insider trading, but instead affirm the district court's judgment on the ground that Clay lacks standing to bring a claim under § 20A of the Securities and Exchange Act. As to the securities fraud issue involving Riverwood's July 1995 press release, we affirm the judgment of the district court because that release did not require any subsequent disclosure under § 10(b) or Rule 10b-5.

AFFIRMED.